The opinion of the court was delivered by
Valentine, J.:
On May 12, 1878, a judgment was rendered in the district court of Clay county, in favor of William Silver and against the Junction City & Fort Kearney railway company, for $700 and costs. Whether the district court had jurisdiction to render such judgment* or not, is the only question now presented to this court. This question was raised in the district court at the time when the judgment was rendered, in the following manner: As soon as the judgment was rendered, the defendant, by its attorney, Charles Monroe, made the following motion, to wit:
“Now comes the defendant, for the purpose of this.motion only, and moves to set aside and vacate the judgment heretofore rendered in this cause, for the reason that the same is void because rendered without jurisdiction.”
This motion the court below overruled, and the defendant *742 duly excepted. Afterward, to wit, ou March 22, 1881, the defendant brought the case to this court on petition in error. The defendant again raises the question of jurisdiction in this court. It alleges in its petition in error, among other things, as follows:
“1. That the said district court had neither jurisdiction of the plaintiff in error, nor of the subject-matter in the petition of said Silver mentioned.
“2. The said court was without any jurisdiction to make any finding in the cause, and erred in rendering any judgment against the plaintiff in error, the Junction City & Fort Kearney railway company.”
The transcript filed with and attached to the petition in error was duly certified to by the clerk of the district court to be “ a true and correct and complete transcript of the proceedings had in the within entitled cause in said district court.” The defendant in error, Silver, however, claimed that this transcript was not a true and correct and complete transcript, and procured another, which he filed in this court on October 4,1881. This subsequent transcript is also certified to by the clerk of the district court “to be a true, full and complete transcript of all the papers and records in the therein entitled cause, as the same remains in my [his] office.” The two transcripts are substantially the same; but for the purposes of this case, and by the consent of counsel on both sides, the last one filed will be considered by this court as the true and correct one. We probably now have a full and complete transcript of every paper, record and proceeding which can be procured which will show or tend to show that the district court had jurisdiction to render the judgment complained of. We probably now have a full and complete transcript of every paper, record and proceeding having any connection with this case from its earliest beginning down to the present time; and yet we do not find anything that shows or tends to show that the district court had sufficient jurisdiction to render the judgment in question.
On September 28,1877, the case was first instituted in the district court, as appears from the record now before us. On *743 that day the plaintiff below,- Silver, filed his petition and precipe, and procured a summons to be issued. This summons was not served, however, upon any agent of the railway company, but was served upon another person, a stranger to the company; and afterward, on a special motion of the railway company, such service was set aside. Afterward the plaintiff, Silver, with leave of the court, filed another petition; and afterward, on December 1, 1877, served a eopy of the order of the court granting, the plaintiff leave to file the second petition, upon the counsel for the railway company; and on May 12,1878, judgment was rendered in favor of the ‘plaintiff, Silver, and against • the railway company, as aforesaid. The railway company made no appearance in the case at any time, except the said special appearance to contest the jurisdiction of the court by moving specially to set aside the supposed service of the summons upon the railway company, and the said special appearance to move the court to set aside the judgment rendered against the company because of a want of jurisdiction in the court to reuder such judgment. The motion to set aside the service of summons was made on October 22, 1877; and the motion to set aside the judgment was made on May 12,1878, the same day on which the judgment in controversy was rendered.
The judgment rendered in this case purports to be a judgment rendered in condemnation proceedings; and a transcript of certain papers on file in the county clerk’s office, which at some time were filed in this case in the office of the clerk of the district court, is referred to as tending to show that the district court obtained j urisdiction to render the judgment in this case by virtue of such condemnation proceedings. This transcript from the county clerk’s office appears to be a transcript of proceedings had to condemn the right of way for the Junction City & Fort Kearney railway company, over about forty different tracts of land, belonging to from twenty-five to thirty different persons; but there is nothing to show that these condemnation proceedings were instituted by the railway company, or that the railway company was a part *744 to them, or .even that it had any notice of them. It does not appear that these condemnation proceedings were had by the county commissioners; but on the contrary, it would seem that they were had by certain special commissioners. But by whom these special commissioners were appointed, or how they came to be appointed, is not shown. These special commissioners, in making their report, recited, among other things, as follows:
“We, the undersigned, M. H. Ristine, S. E. Brown, and M. B. Camp, commissioners, heretofore appointed to condemn and assess a right of way for "the J. C. & Ft. Kearney R. R., met at Clay Center,” etc.
This is all there is in the condemnation proceedings, or elsewhere, to show that the commissioners acted under any appointment at all, and this does not show whence the appointment came. There is nothing appearing in the whole case to show that these commissioners were appointed by the judge of the district court, and certainly nothing to show that the railway company had any notice of their appointment. If they had been appointed by the judge of the district court, there would certainly be some record evidence, or at least some written evidence, of the fact. But there is no such evidence of the fact to be found in this case; and, as before-stated, no evidence tending to show that the railway company had any notice of their appointment. It is true, that the plaintiff in his petition in the district court alleged, “ that the said appraisement was at the instigation of the defendant herein, and was for-the purpose of condemnation and appropriation of said strip of land,” etc.; but there was no legal service of any summons made upon the defendant, requiring it to take notice of the allegations of this petition, and nothing to show that the railway company was already in court; and hence none of the allegations of the plaintiff’s petition can be taken as true as against the railway company.
As before stated, there is nothing in the whole record tending to show that the district court had jurisdiction to render the judgment in controversy, and a judgment rendered without jurisdiction is void.
*745 The order of the court below, overruling the motion of the defendant below to set aside and vacate the judgment, will therefore be reversed, and the cause remanded with the order that said motion be sustained.
All the Justices concurring.